## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Patton Building Services, Inc.,**
**Employer Below, Petitioner**

**v.)    No. 22-0177**    (BOR Appeal No. 2057471)
(JCN: 2020025674)

**Irene Kaida,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION


Petitioner Patton Building Services, Inc., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Irene Kaida filed a timely response.[1] The issue on appeal is the compensability of Ms. Kaida's injury. The claims administrator rejected the claim by letter dated September 3, 2020. After Ms. Kaida protested the decision, the Workers' Compensation Office of Judges ("Office of Judges") held the claim compensable for the symptoms of eye irritation, nasal discomfort, and coughing by order dated September 30, 2021. The Board of Review affirmed the order on February 18, 2022. Upon our review, we determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. *See* W. Va. R. App. P. 21.

Ms. Kaida, a janitor, filed a claim on June 11, 2020, alleging that she injured her face, eyes, and stomach as a result of exposure to Quat disinfectants that she used to clean in the course of her employment. She was seen several times in June and July of 2020 at MedExpress and Ruby Memorial Hospital Emergency Room for the symptoms of difficulty breathing, chest pain, coughing, eye swelling, nasal passage burning, esophageal burning, nausea, diarrhea, dizziness, abdominal distention, fatigue, blurry vision, and swollen lymph node, which she reported began about three months prior. Ms. Kaida was diagnosed with effect of unspecified substance and chemical exposure.

In response to the claim, Kimberly Hill, human resources director for Patton Building Services, stated in a letter that Ms. Kaida was terminated from employment in July of 2020 because she had become a disruption to the business, and the client no longer wanted her in its building. Ms. Hill stated that Ms. Kaida was moved four times during her employment due to issues with co-workers or requests from clients. According to Ms. Hill's letter, Ms. Kaida's termination

---

[1]Petitioner, Patton Building Services, Inc., is represented by James W. Heslep, and respondent, Irene Kaida, is represented by J. Thomas Greene Jr. and T. Colin Greene.

resulted from an incident in which she accused a construction worker of tampering with her car in order to poison her and her subsequent demand that he fix her air conditioner in return for dropping the issue. Ms. Hill stated that video surveillance of the parking lot showed no such event occurred.

Syam Stoll, M.D., performed a review of Ms. Kaida's medical records to address the issue of whether she suffered a chemical exposure as a result of her work duties, specifically the chemical TB-CIDE Quat. In his physician's report, Dr. Stoll opined that Ms. Kaida's medical records show no physical exam findings consistent with irritation or sensitivity to TB-CIDE Quat. Based on Dr. Stoll's report, the claims administrator rejected the claim. Ms. Kaida filed a protest.

Following the rejection of the claim, Ms. Kaida sought treatment from Jennifer Lultschik, M.D., to whom she reported that the majority of her symptoms had resolved and not reoccurred. However, Ms. Kaida reported that she currently suffered from bilateral hip and knee pain, bilateral facial pain, ear pain, tinnitus, neck muscle tension, diarrhea, constipation, and nose bleeds, and she asserted that they were the result of her prior chemical exposure. Dr. Lultschik opined that Ms. Kaida had multiple symptoms that did not correlate with exposure to Quat disinfectants. Dr. Lultschik reviewed the safety data sheet information for Quat disinfectants with Ms. Kaida and stated that there was no indication of chronic or cumulative symptoms resulting from exposure to Quat disinfectants on the gastrointestinal system, joints, facial area, ears, or lymphatic system. Dr. Lultschik informed Ms. Kaida that there was no evidence of a connection between her exposure to Quat disinfectants and her reported symptoms and encouraged her to seek treatment from her primary care physician for her symptoms.

Ms. Kaida testified in a deposition that her chemical exposure symptoms developed following enhanced cleaning protocols for the Covid-19 pandemic. Ms. Kaida explained that she first used TB-CIDE Quat to clean, and the chemical was then replaced with Hepacide Quat II, but her symptoms did not change. Her symptoms were also unchanged after the employer provided her with additional personal protective gear. Ms. Kaida asserted that other employees also reported symptoms resulting from exposure to the chemicals. Ms. Kaida attributed her symptoms of nose and throat irritation, dizziness, heartburn, headaches, itching eyes, excessive tears, chronic pain, high blood pressure, diarrhea, constipation, chronic cough, and nose bleeds to her chemical exposure.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable on a no-lost-time basis for the symptoms of eye irritation, nasal discomfort, and coughing. The Office of Judges found that the material safety datasheet for the product TB-CIDE Quat indicates the health exposure risk as moderate and states that the chemical may cause skin and eye irritation, nasal discomfort, and coughing. The data sheet for Hepacide Quat II indicated the health exposure risk as slight and stated the chemical could cause moderate eye irritation and possible respiratory irritation. The Office of Judges determined that there is no disagreement that Ms. Kaida was exposed to both chemicals during her employment with Patton Building Services. It also determined that when Ms. Kaida initially sought treatment, she was diagnosed with eye, nose, and throat irritation due to chemical exposure. The Office of Judges concluded that Ms. Kaida proved by a preponderance of the evidence that she developed dry eye irritation, nasal discomfort, and coughing as a result of her exposure to chemicals in the course of

her employment and determined that the claim should be held compensable for those symptoms only. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, petitioner argues that the Board of Review erred in affirming the compensability of the claim because there is no medical diagnosis of an acute injury, and Ms. Kaida presented conflicting reports as to the cause of her symptoms. After review, we disagree with the reasoning and conclusions of the Office of Judges, as adopted by the Board of Review, and reverse the decision. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, this Court has clarified that symptoms are not diagnoses and cannot be held compensable. *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that "[left] knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim"); *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245, at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim as they are symptoms, not diagnoses). The Office of Judges' decision acknowledged that Ms. Kaida was exposed to chemicals in the course of her employment and found that she suffered from dry eye irritation, nasal discomfort, and coughing as a result of such exposure. However, as this Court has held numerous times, symptoms are not diagnoses and cannot be held compensable. There is no medical diagnosis in this case upon which to hold the claim compensable. Therefore, the decision is reversed and remanded with instructions to reinstate the claims administrator's rejection of the claim.

Reversed and Remanded.

**ISSUED: February 26, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I respectfully dissent to the majority's memorandum decision. Both the Office of Judges and the Board of Review found claimant Irene Kaida's workers' compensation claim compensable; I would affirm the compensability determination. Ms. Kaida, a janitor, filed a workers' compensation claim alleging that she injured her face, eyes, and stomach were injured as a result of exposure to Quat disinfectants she used to clean in the course of her employment. She filed her claim on June 11, 2020, during the COVID-19 pandemic. She was seen several times at MedExpress and Ruby Memorial Hospital Emergency Room for symptoms of difficulty breathing, chest pain, coughing, eye swelling, nasal passage burning, esophageal burning, nausea, diarrhea, dizziness, abdominal distention, fatigue, blurry vision, and swollen lymph node. In June 2020, Ms. Kaida was diagnosed with chemical exposure by both Ruby Memorial Hospital and Dr. S. Sankineni, and Dr. L. Lai, an ophthalmologist, who diagnosed her "with irritation of both eyes attributable to chemical exposure[.]"

Despite these diagnoses, the majority finds in its decision that "there is no medical diagnosis of an acute injury, and Ms. Kaida presented conflicting reports as to the cause of her symptoms." The majority then relies on two memorandum decisions as authority for its determination "this Court has held numerous times, symptoms are not diagnoses and cannot be held compensable." *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (stating that "[left] knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim[]"), *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245, at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (stating that "neck and shoulder pain were also properly denied as they are symptoms and not diagnoses[]"). Let there be no mistake, this Court has never "held" that "symptoms are not diagnoses[;]" indeed, the majority seizes upon mere dicta in the two memorandum decisions upon which it relies, neither of which is factually analogous to the facts in this case. Critically, neither a complaint of "left knee pain," nor a complaint of "neck and shoulder pain" is equivalent to a medical diagnosis of chemical exposure and specifically "with irritation of both eyes attributable to chemical exposure[.]"

This Court has held that "[i]n order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment And (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). In its decision finding the claim compensable, the Office of Judges applied the holding in *Barnett* to the facts in this case. *See id.* The Office of Judges recognized that "[t]he parties to this claim have either explicitly or implicitly adopted relatively extreme positions. The claimant is apparently suggesting that every medical complaint that she presently experiences is attributable to her chemical exposure, whereas

4

the employer contends that absolutely none of the claimant's symptoms are attributable to chemical exposure." The Office of Judges ultimately found, based on its review of the evidence, that the claimant was exposed to "the hazards of noxious chemical[s]" during the course of her employment, that a preponderance of the credible evidence established that the chemicals to which she was exposed "can cause eye irritation, nasal discomfort, and coughing[,]" and that the claim is compensable for the specific conditions of eye irritation, nasal discomfort, and coughing, as Ms. Kaida in fact "suffer[ed] from" these conditions due to her chemical exposure. The determination of limited compensability made by the Office of Judges, and affirmed by the Board of Review was well-reasoned, and legally and factually sound. Thus, the decisions of the Office of Judges and the Board of Review should have been affirmed.

For the forgoing reasons, I respectfully dissent.